# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ACLCP South Euclid, LLC, Successor by merger to SCP 2001A-CSF-61 LLC,** | Case No. 1:24CV1491 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Ohio CVS Stores, LLC, et al.,** | **MEMORANDUM OPINION & ORDER** |
| **Defendants/Third-Party Plaintiffs,** | |
| -vs- | |
| **Daryl Kertesz, et al.,** | |
| **Third-Party Defendants.** | |

Currently pending is Plaintiff ACLCP South Euclid, LLC's Motion to Remand. (Doc. No. 47.) Defendant/Third-Party Plaintiff Ohio CVS Stores, LLC filed a Brief in Opposition on February 21, 2025, to which Plaintiff replied on March 7, 2025. (Doc. Nos. 50, 52.) For the following reasons, Plaintiff's Motion to Remand (Doc. No. 47) is DENIED.

**I.      Relevant Background**

    **A.      The Pleadings**

        **1.      The Complaint and Notice of Removal**

On July 24, 2024, Plaintiff ACLCP South Euclid, LLC ("Plaintiff" or "ACLCP") filed a Complaint in the Cuyahoga County Court of Common Pleas against (1) Ohio CVS Stores, LLC ("Ohio CVS"); (2) Philip Kassover ("Kassover"); (3) 1475 South Green LLC d/b/a Eat at Joe's

("1475 South Green"); and (4) Joe Squiddy, Inc. ("Joe Squiddy"). (Doc. No. 1-1.) Therein, ACLCP alleges the following facts.

In December 2001, SCP 2001A-CSF-61, LLC (hereinafter "SCP") entered into a lease (hereinafter "the Lease") with Revco Discount Drug Centers, Inc. for the property located at 4460 Mayfield Road, South Euclid, Ohio 44121 ("the Property"). (*Id.* at ¶ 9.) See also Doc. No. 1-1 at PageID#s 26-163. SCP subsequently merged with ACLCP such that ACLCP is the current owner (and Landlord) of and for the Property. (Doc. No. 1-1 at PageID# 11, fn 1.) Ohio CVS Stores, by virtue of its merger with Revco Discount Drug Centers, Inc., is the Tenant. (*Id.* at ¶¶ 2, 10.) Soon after the Lease was executed, Defendant Joe Squiddy (doing business as Eat at Joe's) became a subtenant of Ohio CVS pursuant to a Sublease. (*Id.* at ¶ 12.) Later, Defendant 1475 South Green assumed the Sublease pursuant to an Assignment of Sublease and Assumption Agreement (hereinafter "the Assignment of Sublease").[1] (*Id.*)

The Lease was set to expire on January 31, 2024, but Ohio CVS failed to surrender the Property in compliance with certain Lease requirements. (*Id.* at ¶¶ 14, 15.) Instead, on February 7, 2024, Ohio CVS informed ACLCP that it wanted to "facilitate the surrender of the Premises" and return "possession to the landlord." (*Id.* at ¶ 16.) Ohio CVS stated that it would place keys in two separate lockboxes: one for Kassover/his designees and one for Landlord's representatives. (*Id.*) ACLCP alleges that Ohio CVS knew, or should have known, that Kassover "has no legitimate claim that he is the Property's owner and/or the landlord." (*Id.* at ¶ 17.)

---

[1] As Exhibits to the Complaint, ACLCP attaches purported copies of the (1) Agreement and Plan of Merger between SCP and ACLCP; (2) Lease between SCP and Revco; (3) Sublease between Revco and Joe Squiddy; and (4) the Assignment of Sublease between Ohio CVS, Joe Squiddy, and 1475 South Green. (Doc. No. 1-1 at PageID#s 19-192.)

2

Ohio CVS also advised ACLCP that the Subtenant (i.e., Joe Squiddy and/or 1475 South Green) was communicating with the "landlord" to enter into a direct lease. (*Id*. at ¶ 18.) ACLCP, however, had not been in communication with the Subtenant to enter into a direct lease. (*Id*.) ACLCP alleges that "[Ohio] CVS made a unilateral determination that it would allow the Subtenant to remain at the Property beyond the expiration date." (*Id*. at ¶ 19.) In sum, ACLCP alleges that Ohio CVS breached the Lease by failing to: (1) immediately pay all past due rent, interest, late payments, utilities, and attorney fees per the terms of the Lease; (2) furnish proof that all insurance required by the Lease remains in force; (3) ensure that the only keys to the Property are returned to ACLCP, and only ACLCP; (4) remove Ohio CVS's Subtenant; and (5) ensure the Property is vacated and surrendered to ACLCP in the proper condition. (*Id*. at ¶ 24.)

ACLCP asserts state law claims against Ohio CVS for breach of lease (Count I); unjust enrichment (Count II); and quiet title & declaratory judgment (Count III). (*Id.* at PageID#s 15-17.) ACLCP does not assert any claims against Defendants Kassover, 1475 South Green, and/or Joe Squiddy. (*Id*.) However, ACLCP argues that, as subtenants, 1475 South Green and Joe Squiddy "are necessary parties to this action despite Plaintiff having no direct claims against them." (*Id*. at ¶ 6.)

Ohio CVS removed the case to this Court on August 30, 2024 on the basis of diversity jurisdiction. (Doc. No. 1.) Therein, Ohio CVS asserts that complete diversity of citizenship exists because it believed that ACLCP is a citizen of Delaware, while Defendant Ohio CVS is "a citizen of the States of Ohio and Rhode Island," Kassover is a citizen of New York, and both 1475 South Green and Joe Squiddy are citizens of Ohio. (*Id* at PageID#s 2-3.)

Defendants Kassover and 1475 South Green filed Answers. (Doc. Nos. 6, 12.) Kassover admits that he is a citizen of the State of New York (Doc. No. 6 at PageID# 226), and 1475 South

3

Green admits that it is "an Ohio Limited Liability Company … with its principal place of business in the State of Ohio." (Doc. No. 12 at PageID# 511.)

### 2. Ohio CVS's Counterclaim and Crossclaims

On September 20, 2024, Ohio CVS filed its (1) Answer to ACLCP's Complaint; (2) Counterclaim against ACLCP; and (3) Crossclaim against 1475 South Green and Joe Squiddy. (Doc. No. 9.) Ohio CVS alleges that it is a citizen of Rhode Island and that ACLCP has two members (Richard Sabella and John Peter Paganelli), both of whom are citizens of Florida. (*Id.* at PageID# 272.) Ohio CVS alleges that Joe Squiddy is an Ohio corporation with is principal place of business in Ohio, and that 1475 South Green is an Ohio LLC with three members (Marc Glassman, Kenneth Sustin, and Robert Reiner), each of whom Ohio CVS believes to be citizens of Ohio. (*Id.* at PageID# 273.)

Ohio CVS asserts a sole counterclaim for declaratory judgment against ACLCP, alleging that "[a] real controversy exists among ACLCP [], CVS, and Mr. Kassover regarding [who is] the rightful landlord under the Lease." (*Id*. at PageID# 276.) Ohio CVS alleges that the Lease identifies SCP as the landlord and that Ohio CVS "never received notice from SCP pursuant to and as required by the terms of the Lease that [ACLCP] was the successor to SCP." (*Id.*) In addition, Ohio CVS notes that Kassover "who CVS believes has or had an interest in SCP, contends that [ACLCP] is not the successor of SCP."[2] (*Id.* at PageID# 264.) Ohio CVS asserts that "[w]ithout a declaration from the

---

[2] Ohio CVS indicates that "this is not the first time that CVS has been dragged into litigation because of an ownership dispute involving Mr. Kassover and Richard Sabella, who formed ACLPC South Euclid." (*Id*. at PageID# 265.) Ohio CVS asserts that there are "numerous cases pending across the country as a result of ownership disputes among Mr. Kassover, Mr. Sabella, and entities that they at one point jointly owned or had interests in." (*Id*.) (collecting cases).

Court, [Ohio] CVS risks liability for holdover rent, when in fact it is the fault of other parties..." (*Id*. at PageID#s 276-277.)

In its Crossclaim, Ohio CVS alleges as follows. The Property consists of three separate spaces in a single building. (*Id*. at PageID# 273.) Ohio CVS operated a CVS store in one of the three spaces and sublet one of the other two spaces to Joe Squiddy, which leased the space in order to operate Eat at Joe's. (*Id*. at PageID#s 273-274.) In October 2022, Joe Squiddy entered into the Assignment of Sublease, pursuant to which 1475 South Green assumed Joe Squiddy's interests and obligations under the Sublease. (*Id*. at PageID# 278.) The Sublease expired on December 31, 2023, but Eat at Joe's failed to vacate the Property and, in fact, "continues to operate at the Premises." (*Id*.)

Ohio CVS asserts crossclaims against 1475 South Green and Joe Squiddy for (1) breach of the Sublease and Assignment Agreement (Crossclaim I); and (2) indemnification (Crossclaim II). (*Id*. at PageID#s 279-281.) ACLCP subsequently filed an Answer to Ohio CVS's Counterclaim (Doc. No. 29), and Joe Squiddy and 1475 South Green filed Answers to Ohio CVS's Crossclaims (Doc. Nos. 13, 38.)

### 3. Ohio CVS' Third-Party Complaint

On October 4, 2024, Ohio CVS filed a Third-Party Complaint against Daryl Kertesz, Michelle Reiner, Robert Reiner, and Jonathan Schultz. (Doc. No. 11.) Ohio CVS alleges that it is a citizen of Rhode Island, and that all four Third-Party Defendants are citizens of Ohio. (*Id*. at ¶¶ 2-6.) In pertinent part, Ohio CVS alleges that, in order to induce Ohio CVS to enter into the Assignment of Sublease, the Third-Party Defendants entered into a Guaranty in which they unconditionally guaranteed to CVS "the full and timely payment, performance, compliance and observance of all covenants, agreement, indemnities, obligations, and liabilities" under the Sublease. (*Id*. at ¶ 22.)

Ohio CVS alleges that Third-Party Defendants are therefore liable to Ohio CVS for any breaches of the Sublease and for the payment of any holdover rent and other sums that may be due under the Lease and/or the Sublease.  (*Id*. at ¶ 35.)  Based on the above, Ohio CVS asserts a sole claim against Third-Party Defendants for Breach of Guaranty.  (*Id*. at ¶¶ 38-45.)

Third-Party Defendants filed an Answer to the Third-Party Complaint on January 3, 2025 in which they (among other things) admitted that they are citizens of Ohio.  (Doc. No. 44.)

### B. Orders and Filings regarding Jurisdiction

While the above claims, counterclaims, crossclaims, and third-party claims were being filed, this Court issued several Orders requiring the parties to submit additional information in order for it to evaluate whether diversity jurisdiction exists.  First, on September 3, 2024, the Court ordered Ohio CVS to properly identify the citizenship of all the members (and sub-members, if any) of ACLCP, Ohio CVS, and 1475 South Green at the time the Complaint was filed.  (Doc. No. 3.)  On September 17, 2024, Ohio CVS filed a Supplement in which it indicated that, to the best of its knowledge, (1) the members of ACLCP are citizens of Florida and Connecticut; (2) Ohio CVS is a citizen of Rhode Island; and (3) the members of 1475 South Green are citizens of Ohio.  (Doc. No. 7.)

Next, on October 2, 2024, the Court ordered ACLCP and 1475 South Green to identify the citizenship of all their respective members (and sub-members, if any) at the time the Complaint was filed.  *See* Non-Doc. Order dated Oct. 2, 2024.  On October 10, 2024, 1475 South Green filed a Supplement indicating that its members and sub-members are "Ohio residents."  (Doc. No. 20.)  ACLCP then filed a Supplement setting forth an incomplete list of its members and sub-members and identifying the states of residency of its individual members/sub-members.  (Doc. No. 23.)

On November 7, 2024, this Court issued an Order directing ACLCP and 1475 South Green to provide additional information regarding its members/sub-members, including the states of citizenship (as opposed to residency) of any individuals members/sub-members. (Doc. No. 30.) In addition, the Court ordered as follows:

> [T]he Court notes that on October 4, 2024, Defendant/Third Party Plaintiff Ohio CVS Stores LLC (which is a citizen of the state of Rhode Island) filed a Third Party Complaint against Third Party Defendants Daryl Kertesz, Jonathan Shultz, Robert H. Reiner, and Michelle F. Reiner. (Doc. No. 11.) Therein, Ohio CVS Stores LLC alleges that these Third Party Defendants are citizens of the state of Ohio. (*Id.* at ¶¶ 3-6.)
>
> Once Plaintiff ACLCP South Euclid LLC and Defendant 1475 South Green LLC file their respective Supplements, the Court orders Ohio CVS Stores (as the party that removed the instant action to this Court) to file a Supplement on the docket analyzing and addressing the issue of diversity jurisdiction over this matter, including the effect (if any) of the filing of the Third Party Complaint.

(*Id.* at PageID# 582.)

On November 13, 2024, 1475 South Green filed another Supplement, in which it confirmed that its members (Marc Glassman, Robert Reiner, Daryl Kertesz, and Jonathan Schultz) are citizens of Ohio. (Doc. No. 33.) ACLCP filed an additional Supplement on November 18, 2024, providing the requested information and confirming that it is a citizen of Florida and Connecticut. (Doc. No. 34.)

Then, on December 5, 2024, Ohio CVS filed a Supplement regarding Jurisdiction, in which it argued that "[b]ased on the information already known and the supplements ACLCP and 1475 South Green filed, complete diversity exists." (Doc. No. 37 at PageID# 604.) First, Ohio CVS summarized the parties' citizenship as follows:

| Party | State(s) of Citizenship |
|---|---|

7

| Plaintiff/Counterclaim Defendant ACLCP | Florida, Connecticut |
|---|---|
| Defendant/Counterclaim Plaintiff/Third-party Plaintiff Ohio CVS Stores | Rhode Island |
| Defendant Kassover | New York |
| Defendant/Crossclaim Defendant 1475 South Green | Ohio |
| Defendant/Crossclaim Defendant Joe Squiddy | Ohio |
| Third Party Defendants Kertesz, Schultz, Michelle Reiner and Robert Reiner | Ohio |

Next, Ohio CVS argues that complete diversity exists because "no adverse parties are citizens of the same states." (*Id*. at PageID# 607.) Specifically, Ohio CVS states that (1) ACLCP (citizen of Florida and Connecticut) is adverse to all Defendants, who are citizens of Rhode Island (Ohio CVS), New York (Kassover), and Ohio (1475 South Green and Joe Squiddy); (2) Ohio CVS (citizen of Rhode Island) is adverse to Counterclaim, Crossclaim, and Third Party Defendants, who are citizens of Florida and Connecticut (ACLCP) and Ohio (1475 South Green, Joe Squiddy, and Third Party Defendants Kertesz, Mr. Reiner, Ms. Reiner, and Schultz); and (3) Third-Party Defendants (citizens of Ohio) are adverse to Third Party Plaintiff Ohio CVS who is a citizen of Rhode Island. (*Id*.) Thus, Ohio CVS argues that diversity jurisdiction exists because "all parties with competing interests are diverse from each other." (*Id*.)

On January 2, 2025, ACLCP filed a Motion for Leave to File Response to Ohio CVS's Supplement regarding Jurisdiction. (Doc. No. 43.) Therein, and for the first time, ACLCP raised the

8

potential applicability of the "forum defendant rule." (*Id*.) Specifically, ACLCP argued, summarily, that "[b]ased upon CVS['s] joinder of additional parties and the Supplement, which makes it clear those defendants are Ohio citizens, this Honorable Court should consider the forum defendant rule when determining if this Court will and/or can exercise jurisdiction over this matter." (*Id*.) The Court granted the Motion and ordered ACLCP to file its Response by no later than January 16, 2025. ACLCP filed its Response on January 8, 2025. (Doc. No. 45.) Therein, ACLCP suggested (again, summarily and with limited discussion or analysis) that "this Court should consider the forum defendant rule when determining if this Court will and/or should exercise jurisdiction over this matter." (*Id*.)

On January 13, 2025, this Court issued an Order explaining that,"[b]ased upon its initial review," "[t]he Sixth Circuit has repeatedly concluded (albeit in unreported decisions) that the forum defendant rule is procedural, and not jurisdictional" and "the weight of authority supports a finding that the forum defendant rule is not jurisdictional." (Doc. No. 46 at PageID#s 642-643) (collecting cases). The Court further explained that "[c]ourts that have found the forum defendant rule to be procedural have noted that a plaintiff's failure to timely raise the issue results in waiver." (*Id.* at PageID# 643.) The Court determined as follows:

> Here, Plaintiff's "Motion for Leave to File Response to Defendant Ohio CVS Stores LLC's Supplement regarding Jurisdiction" (Doc. No. 43) and "Response" (Doc. No. 45) could be construed as raising the forum defendant rule. However, Plaintiff's Response (Doc. No. 45) is cursory and fails to adequately address either the issue of (1) whether the forum defendant rule is procedural or jurisdictional; or (2) whether the forum defendant rule applies in the context of the post-removal addition of Third Party Defendants Daryl Kertesz, Michelle Reiner, Robert Reiner, and Jonathan Schultz, each of whom are Ohio citizens.
>
> If Plaintiff wishes to seek remand on the basis of the forum defendant rule, it shall file a thorough and fully briefed Motion to Remand by no later than Friday, January 24, 2025. Therein, Plaintiff may further argue and address the issue of whether the forum

> defendant rule is procedural or jurisdictional, with citation to and thoughtful analysis of relevant authority. In addition, if Plaintiff chooses to file a Motion to Remand, Plaintiff should address (again, with citation to and analysis of relevant authority) whether the forum defendant rule applies to the facts of the instant case, i.e., to Third Party Defendants herein. If Plaintiff files a Motion to Remand, any responses (including by Defendant/Third Party Plaintiff Ohio CVS Stores LLC) shall be filed within fourteen (14) days thereof, i.e., by February 7, 2025.

(*Id*. at PageID#s 643-644.)

On January 23, 2025, ACLCP filed its Motion for Remand, in which it argues that the forum defendant rule is jurisdictional (rather than procedural) and that remand is required on that basis. (Doc. No. 47.) Ohio CVS filed a Brief in Opposition on February 21, 2025, to which ACLCP replied on March 7, 2025. (Doc. Nos. 50, 52.)

## II.     Standard of Review

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court only state court actions that originally could have been filed in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a court of limited jurisdiction, a federal district court must proceed cautiously in determining that it has subject matter jurisdiction. *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). To remove a case based on diversity, the diverse defendant must demonstrate that all prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. Under § 1332(a), a federal district court possesses original subject-matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

The court must give "due regard" to the power reserved to the states under the Constitution to provide for the determination of controversies in the state courts. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Accordingly, removal statutes must be construed strictly to

promote comity and preserve jurisdictional boundaries between state and federal courts. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "[A]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The defendant seeking removal bears the burden of proving the court's jurisdiction. *See Eastman v. Marine Medical Corp.,* 438 F.3d 544, 549 (6th Cir. 2006). In determining whether removal was proper, a trial court "has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

### III.   Analysis

Here, ACLCP argues that the instant matter should be remanded to state court under the so-called "forum defendant rule." (Doc. No. 47 at PageID# 650.) The "forum defendant rule" is based upon 28 U.S.C. § 1441(b)(2), which "forbids a home-state defendant from removing a case to federal court" on the basis of diversity jurisdiction. *US Framing International LLC v. Continental Building Company*, 134 F.4th 423, 429 (6th Cir. 2025). Specifically, Section 1141(b)(2) provides that:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). "This rule reflects the belief that even if diversity exists, a forum defendant – a defendant who is a citizen of the state in which it is sued—has no reason to fear state court prejudice." *NFC Acquisition, LLC v. Comerica Bank*, 640 F.Supp.2d 964, 968 (N.D. Ohio 2009) (citing *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)). *See also US Framing International LLC*, 134 F.4th at 429 (the forum defendant rule "accords with the notion that diversity jurisdiction primarily exists to protect out-of-state litigants from hometown bias.") Under this rule,

11

"the presence of even one [properly joined and served] resident defendant precludes removal where the only asserted basis of federal subject matter jurisdiction is diversity of citizenship." *Madden v. Berea Healthcare, LLC*, 2023 WL 8654369 at * 6 (E.D. Ky. Dec. 14, 2023). *See also Lattimer v. Nationwide Mutual Ins. Co.*, 2020 WL 5810005 at * 3 (S.D. Ohio Sept. 30, 2020).

In the instant case, ACLCP argues that "there are at least two defendants who are, unquestionably, forum defendants" that were "properly served and joined" prior to removal, i.e., Defendants 1475 South Green and Joe Squiddy. (Doc. No. 47 at PageID# 650.) Thus, ACLCP maintains that pursuant to § 1441(b)(2), this action "may not be removed" and should be remanded to state court. (*Id.*) Acknowledging that it failed to raise this issue within thirty days of removal,[3] ACLCP cites numerous cases for the proposition that the forum defendant rule is a jurisdictional (rather than procedural) defect that may be raised at any time. (*Id.* at PageID#s 648-649.) ACLCP recognizes that "the Sixth Circuit's precedent is far from clear" regarding whether the forum defendant rule is procedural or jurisdictional but maintains that "this ambiguity tips the scale in favor of remand" because any doubt regarding jurisdiction "must be resolved in favor of remand." (*Id.* at PageID#s 649-650.) In response, Ohio CVS argues that the weight of authority supports the conclusion that "the forum defendant rule is procedural, not jurisdictional." (Doc. No. 50 at PageID# 668.) Ohio CVS asserts that ACLCP therefore waived the issue by failing to timely raise it within thirty days of removal, as required by 28 U.S.C. § 1447(c). (*Id.*)

The Court agrees that, until very recently, Sixth Circuit precedent on this issue was arguably unclear. On April 7, 2025, however, the Sixth Circuit expressly addressed and decided the issue of

---

[3] Section 1447(c) of Title 28 provides, in relevant part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

12

whether the forum defendant rule is jurisdictional or procedural, in *US Framing International LLC v. Continental Building Company*, 134 F.4th 423, 429 (6th Cir. 2025). In that reported decision, the Sixth Circuit found that the forum defendant rule is "not jurisdictional," explaining as follows:

> In its supplemental briefing …, [Plaintiff] US Framing alleged what it believed to be a separate jurisdictional defect based on the home-state defendant rule. The federal removal statute forbids a home-state defendant from removing a case to federal court. 28 U.S.C. § 1441(b)(2). That limit accords with the notion that diversity jurisdiction primarily exists to protect out-of-state litigants from hometown bias. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). US Framing alleges that one of the defendants, Gregory Ray, is a home-state defendant for purposes of this rule. **But the forum-defendant rule is not jurisdictional**. *See Handley-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 437 (6th Cir. 1924); *see also Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939–40 (9th Cir. 2006) (noting that eight other circuits have held the same). **So it is subject to 28 U.S.C. § 1447(c), which requires parties to file "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction ... within 30 days after the filing of the notice of removal."** US Framing failed to do that here, so it cannot now object based on Ray's alleged Tennessee citizenship.

*Id*. (emphasis added). The Sixth Circuit's reported decision in *US Framing International LLC* is, thus, clear and unambiguous — the forum defendant rule is procedural (rather than jurisdictional) and failure to raise the issue in a motion to remand within thirty days of removal results in waiver.

Here, ACLCP acknowledges that Defendants 1475 South Green and Joe Squiddy are both forum defendants[4] and that "both were properly joined and served as defendants, even before the notice of removal."[5] (Doc. No. 47 at PageID# 650.) Pursuant to § 1447(c), any motion to remand

---

[4] As discussed *supra*, in its Complaint, ACLCP alleges that 1475 South Green is an "Ohio LLC with is principal place of business in the State of Ohio," and that Joe Squiddy is "an Ohio corporation with its principal place of business in Ohio." (Doc. No. 1-1 at ¶¶ 4, 5.) Defendants 1475 South Green and Joe Squiddy admitted these jurisdictional allegations in their respective Answers to the Complaint. In addition, in response to this Court's Orders, 1475 South filed a Supplement confirming that its members and sub-members are citizens of Ohio. (Doc. Nos. 20, 33.)

[5] The Court agrees that, at a minimum, Defendant 1475 South Green was properly joined and served prior to removal. The state court docket sheet shows that Defendant 1475 South Green was served via certified mail and that it filed its Answer on August 7, 2024—prior to the filing of Ohio CVS's Notice of Removal on August 30, 2024. *See ACLCP South*

13

based on the forum defendant rule was therefore due by no later than 30 days after the filing of Ohio CVS's Notice of Removal on August 30, 2024; i.e., by no later than September 30, 2024. It is undisputed that ACLCP did not file a Motion to Remand by that date. Rather, the docket reflects that ACLCP waited over four months after removal before initially raising the forum defendant rule in its "Motion for Leave" filed January 2, 2025, and nearly five months after removal before filing its Motion to Remand on January 23, 2025. Accordingly, the Court finds that ACLCP waived its argument that remand is required based on the forum defendant rule.[6]

ACLCP nonetheless argues that, even if it failed to timely raise the forum defendant rule with respect to Defendants 1475 South Green and Joe Squiddy, remand is nonetheless required based on the post-removal joinder of the Third-Party Defendants, each of whom is a citizen of Ohio. (Doc. No. 47 at PageID# 652.) The Court rejects this argument.

As an initial matter, the Court finds that the addition of the Third Party Defendants herein does not destroy diversity jurisdiction. In *Grimes v. Mazda North American Operations*, 355 F.3d 566 (6th Cir. 2004), the Sixth Circuit concluded that the post-removal addition of a third-party defendant under Fed. R. Civ. P. 14[7] does not destroy diversity jurisdiction. In that case, the plaintiff

---

*Euclid, LLC v. Ohio CVS Stores, LLC, et al.,*, Cuyahoga County Court of Common Pleas Case No. CV 24 101125 (docket sheet).

[6] In its Motion, ACLCP argues, at some length, that the forum defendant rule applies to 1475 South Green and Joe Squiddy, even though it does not assert any direct claims against these Defendants. (Doc. No. 47 at PageID#s 650-651.) ACLCP asserts that, under Ohio law, occupants of a property, in certain circumstances, are considered necessary parties despite the lack of pending claims against them. (*Id*.) (collecting cases). ACLCP maintains that, because it seeks a determination that "it alone has the only interest in the Property and right to control the Property, Defendants [1475 South Green and Joe Squiddy], as current occupiers of the Property, are necessary and indispensable parties." (*Id*.) Ohio CVS does not argue that the forum defendant rule is inapplicable because 1475 South Green and Joe Squiddy are "nominal parties." And it does not dispute that these Defendants are "necessary and indispensable," as argued by ACLCP. Moreover, neither 1475 South Green nor Joe Squiddy opposed or otherwise responded to ACLCP's Motion to Remand. Accordingly, the Court deems any opposition to this particular issue waived and will not consider or address it herein.

[7] Fed. R. Civ. P. 14(a) provides, in relevant part, that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."

(who sustained serious injuries as a passenger in a truck rollover accident) filed suit in Kentucky state court against the driver of the truck, the owners of the truck, and Meridian Mutual Insurance Company. *Id*. at 571. Six weeks later, plaintiff filed an amended complaint, adding Mazda and Ford as defendants. *Id*. Defendants removed the case to the federal district court in Kentucky based on diversity of citizenship. *Id*. After learning that plaintiff had filed an action against the Commonwealth of Kentucky in the Kentucky Board of Claims alleging that her injuries were caused by the Commonwealth's negligence in maintaining, designing and constructing its roads, defendants filed a third-party complaint pursuant to Fed. R. Civ. P. 14(a) against the Kentucky Transportation Department, seeking apportionment of fault and contribution under Kentucky law. *Id*. Plaintiff then moved to remand the case, arguing that joining the Commonwealth as a third-party defendant destroyed the federal court's diversity jurisdiction and violated the Eleventh Amendment. *Id*. The district court denied the motion to remand and trial ensued. *Id*. The jury returned a verdict in favor of defendants.

On appeal, plaintiff argued that the post-removal joinder of the Kentucky Department of Transportation "destroyed complete diversity and robbed the federal court of subject matter jurisdiction." *Id*. The Sixth Circuit rejected this argument, explaining as follows:

> Plaintiff's argument that the complete diversity necessary for subject-matter jurisdiction under 28 U.S.C. § 1332 was destroyed when defendants brought a claim against the Commonwealth is without merit. **Third-party claims by defendants for contribution against a third-party under Federal Rule of Civil Procedure 14(a) generally do not require an independent jurisdictional basis. Instead, such claims fall within the court's supplemental jurisdiction if the impleaded defendant's actions share a "common nucleus of operative fact" with the case already before the court**.
>
> It is well settled that supplemental jurisdiction exists over a properly brought third-party complaint. *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp*., 893 F.2d 1155, 1161 (10th Cir.1990) ("A court has ancillary jurisdiction of a defendant's proper Rule

> 14(a) claim against a third-party defendant without regard to whether there is an independent basis of jurisdiction, so long as the court has jurisdiction of the main claim between the original parties."); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1444, at 321 (2d ed. 1990) ("The cases on point almost all hold that defendant's claim against a third-party defendant is within the ancillary jurisdiction of the federal courts.").
>
> The supplemental jurisdiction provision, 28 U.S.C. § 1367(b), states congressional intent to prevent original plaintiffs—but not defendants or third parties—from circumventing the requirements of diversity. [citation omitted] By contrast, "[b]ecause defendants are involuntarily brought into court, their [claims a]re not deemed as suspect as those of the plaintiff, who is master of his complaint." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir.1998); *see also North American Stainless v. PNC Bank, Kentucky, Inc.*, No. 99–5730 at * *2 n. 4, 2000 WL 1256898 (6th Cir. July 13, 2000) (affirming case where district court exercised supplemental jurisdiction over third-party defendant that was not diverse from original plaintiff).

*Id*. at 572 (emphasis added). The Sixth Circuit concluded that the district court did not lose subject matter jurisdiction because the parties to the original action and the amended complaint were all diverse, and the addition of the Commonwealth as a third-party defendant clearly arose from the "same nucleus of operative fact" as the original action. *Id*.

So, too, here. As Ohio CVS correctly notes, all parties to the original action are diverse from each other. ACLCP (a citizen of Florida and Connecticut) is adverse to Defendants Ohio CVS, 1475 South Euclid and Joe Squiddy—none of whom are citizens of either Florida or Connecticut.[8] Moreover, based on the information before it at this time (and in the absence of any argument to the contrary from either ACLCP or Ohio CVS), the Court finds that Ohio CVS's claims against Third Party Defendants arise from the "same nucleus of operative fact" as the original action.

---

[8] Even if the Court were to consider the issue of diversity after removal (i.e., after the filing of Ohio CVS's Counterclaim, Crossclaim, and Third Party Complaint), the docket reflects that all parties with competing interests are diverse from each other. As noted *supra*, Counterclaim Plaintiff Ohio CVS (a citizen of Rhode Island) is adverse to Counterclaim Defendant ACLCP (a citizen of Florida and Connecticut). As Crossclaim Plaintiff, Ohio CVS is adverse to Crossclaim Defendants 1475 South Euclid and Joe Squiddy, both of whom are citizens of Ohio. And, lastly, as Third-Party Plaintiff, Ohio CVS is adverse to Third Party Defendants, each of whom are citizens of Ohio.

16

ACLCP nonetheless insists, however, that *Grimes* is "not dispositive or even instructive" because, in that case, the district court initially had subject matter jurisdiction over the original parties, whereas here removal was improper from the outset because properly joined and served Defendants were citizens of the forum state. (Doc. No. 47 at PageID# 654.) This argument is without merit. As set forth above, the forum defendant rule is a procedural (rather than jurisdictional) defect, which ACLCP failed to timely raise and therefore waived. *See US Framing International, LLC*, 134 F.4th at 429. The Court therefore rejects ACLCP's argument that *Grimes* is distinguishable because this Court lacked subject matter jurisdiction over the instant action at the time of removal.

Lastly, the Court rejects ACLCP's suggestion that *Grimes* is somehow inapplicable in the specific context of the post-removal joinder of a forum defendant. Although the Sixth Circuit did not expressly reference or discuss the forum defendant rule in *Grimes*, the Court notes that the third-party defendant in that case (the Commonwealth of Kentucky) was, in fact, a forum defendant. Moreover, several district courts in this Circuit have found that the post-removal joinder of a forum defendant does not require remand because "the forum defendant rule applies only at the time of removal." *Integrity Business Partners, LLC v. Autumn Ridge Consulting, Inc.*, 2022 WL 17092148 at fn 21 (S.D. Ohio Nov. 21, 2022). *See also Terry v. Phelps KY Opco, LLC*, 2020 WL 2500306 at * 6 (E.D. Ky. April 20, 2020), *report and recommendation adopted*, 2020 WL 2495802 (E.D. Ky. May 14, 2020) (same).[9]

---

[9] ACLCP notes that at least one district has reached the opposite conclusion. *See Madden v. Berea Healthcare, LLC*, 2023 WL 8654369 at * 6-8 (E.D. Ky Dec. 14, 2023.) *Madden*, however, is not binding on this Court. Moreover, the Court notes that the district court in *Madden* appeared to rely heavily on the assumption that the forum defendant rule is jurisdictional *See id.* at * 7 (discussing § 1447(c)'s "command" that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" and noting that "a court may determine *sua sponte* that it lacks subject matter jurisdiction over a case"). However, as noted *supra*, the Sixth Circuit recently determined, in a published opinion, that the forum defendant rule is not jurisdictional. *See US Framing International, LLC*, 134 F.4th at 429.

17

Accordingly, and for all the reasons set forth above, the Court finds that ACLCP's Motion to Remand is without merit and denied.

## IV. Conclusion

For the reasons set forth herein, Plaintiff ACLCP South Euclid, LLC's Motion to Remand (Doc. No. 47) is DENIED.

**IT IS SO ORDERED.**

Date: May 6, 2025

　　　　　　　　　　　　　　　　　　　　*s/Pamela A. Barker*
　　　　　　　　　　　　　　　　　　　　PAMELA A. BARKER
　　　　　　　　　　　　　　　　　　　　U. S. DISTRICT JUDGE